**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: **March 07 2007**

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 06-32459 |
| | ) | |
| Woodrow E. Lewis | ) | Chapter 7 |
| Emma J. Lewis | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION AND ORDER DENYING MOTION TO DISMISS

This case is before the court after hearing on the Office of the United States Trustee's ("United States Trustee") Motion to Dismiss Case of Woodrow E. Lewis ("Motion") [Doc. # 16]. The United States Trustee asserts that Debtor Woodrow Lewis, only, did not participate in an individual or group briefing from an approved nonprofit budget and credit counseling agency during the 180-day period preceding the date of the filing of the petition as required by 11 U.S.C. § 109(h)(1). The certificate that Mr. Lewis filed on the same date as his petition shows that he participated in such a briefing, but that the session occurred on March 1, 2006, outside the 180-day statutory period. Mr. Lewis opposes the Motion. He does not contest that the briefing evidenced by the filed certificate occurred outside the statutory time period. Rather Mr. Lewis, who is 74 years old and hard of hearing, argues that he subsequently participated in another briefing within the 180-day statutory time period in conjunction with his wife and co-debtor, Emma Lewis, but that

he did not receive a certificate for his participation. In response, the United States Trustee argues that the two affidavits submitted by Mr. Lewis in support of his opposition to dismissal do not constitute a proper certificate of participation that individual consumer debtors are required to file by a separate statutory provision, 11 U.S.C. § 521(b).

The Motion and opposition raise three issues: (1) Did Mr. Lewis participate in a briefing required by § 109(h) within the 180-day period preceding the filing of the Lewis' joint petition in this case? (2) Has Mr. Lewis filed a certificate as required by § 521(b) and Interim Bankruptcy Rule 1007? (3) What is the appropriate remedy if Mr. Lewis failed to comply with § 109(h), § 521(b) or both? For the reasons that follow, the Motion will be denied and the case will proceed as to both Mr. Lewis and co-debtor Emma Lewis.

## I. Compliance with § 109(h)(1)

Effective October 17, 2005, Congress amended the Bankruptcy Code through the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") to add new eligibility requirements for individuals to be debtors under any chapter of the Bankruptcy Code. 11 U.S.C. § 109(h). Section 109(h) provides in pertinent part as follows:

> (1) Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section, an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

Debtors Woodrow Lewis and Emma Lewis filed their joint chapter 7 petition on September 12, 2006. The new individual debtor eligibility requirements of § 109(h)(1) apply in this case.

The first issue raised is a question of fact. There is no dispute that Mr. Lewis participated in a briefing session from an approved nonprofit budget and credit counseling agency on March 1, 2006, outside of the 180-day statutory time period. The United States Trustee disputes that Mr. Lewis participated in another briefing session within the 180-day statutory period.

Mr. Lewis has submitted two affidavits to show that he also participated with Emma Lewis in a briefing session conducted in August 2006. Rule 43(e) of the Federal Rules of Civil Procedure, applicable to this proceeding under Rule 9017 of the Federal Rules of Bankruptcy Procedure, permits the court to hear a motion on affidavits. The affidavit of Emma Lewis, Mr. Lewis's spouse, states in pertinent part as follows:

2

> 3. My husband was initially going to be the only one filing bankruptcy. However, it was later decided that I should also file and we would file a joint petition.
> 4. On August 3, 2006, I called the Consumer Credit Counseling Service of Greater Atlanta, Inc., as I knew that the counseling course was needed prior to filing.
> 5. My husband and I both participated in the telephone session although, due to my husband's difficulty in hearing, I did most of the talking and we provided all of the requested information.
> 6. Neither of us requested his name to be on the certificate as he already had a certificate and had no idea that it may become important or necessary.

[Doc. #31]. Emma Lewis's affidavit proves that Mr. Lewis did participate in a telephone briefing session conducted in August 2006, through an approved nonprofit budget and credit counseling agency. There is a conflict in the record as to whether the session occurred on August 2, 2006, or August 3, 2006. Emma Lewis's sworn affidavit states that she called the provider on August 3, 2006. The certificate filed with Emma Lewis's name on it corroborates that she participated in a required briefing session in August 2006, although the date of the session on the certificate is August 2, 2006, and it was issued on August 3, 2006. [Doc. #3]. As both dates are within the 180-day statutory period, the actual date as between the two is not material. There is no evidence contradicting Emma Lewis's sworn statement that Mr. Lewis also participated in this session. The court finds from Emma Lewis's affidavit and the case record that the following elements of § 109(h)(1) have been established: (1) Woodrow Lewis participated in an individual telephone briefing (2) from Consumer Credit Counseling Service of Greater Atlanta, Inc. (3) in August 2006, during the 180-day period preceding the date of filing the petition. Consumer Credit Counseling Service of Greater Atlanta, Inc., is an approved nonprofit budget and credit counseling agency as it appears on the list of providers maintained by the Clerk under 11 U.S.C. § 111(a)(1). Fed. R. Bankr. P. 9017; Fed. R. Evid. 201. The court concludes from these findings that Mr. Lewis has met the statutory eligibility requirements of § 109(h)(1) to be a debtor under chapter 7 of title 11.[1]

---

[1] Mr. Lewis also filed an affidavit from Douglas D. Erickson, who is the Bankruptcy Program Director for Consumer Credit Counseling Service of Greater Atlanta, Inc. [Doc. #31]. The court agrees with the United States Trustee that parts of the Erickson Affidavit are inadmissible. Paragraphs 3, 7 and 8 are inadmissible. The first part of paragraph 4 of the Affidavit stating that "[i]t would appear that her husband was a part of this counseling session" is inadmissible. Also, paragraph 5 of the Erickson affidavit is inadmissible to the extent it represents Emma Lewis's mental state. None of these inadmissible paragraphs are being considered by the court in deciding the Motion. The balance of the Erickson Affidavit corroborates parts of the Emma Lewis affidavit. Erickson confirms again that Emma Lewis participated in a briefing session which he also identifies under oath as having occurred on August 3, 2006, and that Mr. Lewis also required her help on March 1, 2006, because he is hearing impaired. That substantiates the level of participation in such a session that Mr. Lewis was able to manage, as she also indicated in her affidavit with respect to Mr. Lewis's August 2006 session. As further corroboration that he participated, Erickson

3

**II. Compliance with § 521(b)**

BAPCPA added a separate statutory requirement relating to the pre-filing services required under § 109(h)(1). Under § 521, which is captioned "Debtor's duties," Congress provided that:

> (B) In addition to the requirements under subsection (a), a debtor who is an individual shall file with the court--
> (1) a certificate from the approved nonprofit budget and credit counseling agency that provided the debtor services under section 109(h) describing the services provided to the debtor; and
> (2) a copy of the debt repayment plan, if any, developed under section 109(h) through the approved nonprofit budget and credit counseling agency referred to in paragraph (1).

The statute does not amplify the form or contents of the required certificate beyond that it describe the services provided to the debtor. Neither the Federal Rules of Bankruptcy Procedure nor the Official Forms approved by the Judicial Conference of the United States, *see* Fed. R. Bankr. P. 9009, address the contents of the certificate required by § 521(b). The Bankruptcy Rules do set a deadline for filing the certificate. Under the version of Interim Rule 1007(b)(3) and 1007(c) in effect on the petition date, the time for filing the certificate and debt repayment plan, if any, was with Mr. Lewis's petition.[2]

The United States Trustee states that approved agencies have been instructed as to the required form of certificate to be provided to debtors for filing with the court and advocates that this is the document that the court should accept as meeting the certificate requirement of § 521(b). A sample of the form of certificate the United States Trustee is requiring of approved agencies was filed with leave of court after the hearing as a supplement to the motion to dismiss. [Doc. § 36].[3] Given the lack of direction in the

---

states that the counselor's notes on the session include information as to Mr. Lewis's income. Lastly, the affidavit states that the counselor did not add Mr. Lewis's name to the certificate for the August 2006 briefing session because Mr. Lewis had already done a separate session on March 1, 2006.

[2]The United States District Court for the Northern District of Ohio promulgated General Order 2005-11 adopting in their entirety the Interim Bankruptcy Rules, including amendments, implementing BAPCPA. The Interim Rules apply to bankruptcy cases from October 17, 2005, until final rules are promulgated and effective under the regular Rules Enabling Act process. Amended Interim Rule 1007, made effective October 1, 2006, amends the filing requirement of Rule 1007(b)(3) and allows the certificate of completion to be filed within 15 days after filing a petition. As Woodrow Lewis filed his petition on September 12, 2006, the Amended Interim Rule does not apply in this case and his certificate was due with his petition.

[3]The court has seen forms different than this, both in appearance and content, filed by debtors. *See, e.g.*, United States Bankruptcy Court for the Northern District of Ohio Case Nos. 05-76919 [Doc. #2]; 06-31200 [Doc. #3]. The differences in these other forms from the form the United States Trustee requires to be provided appear immaterial, and also were not raised by the United States Trustee with the court in

4

statute and the rules as to the content of the required certificate, the court cannot find that only a certificate in the form required by the United States Trustee will meet the statutory requirement. As the function of this filing requirement is to provide proof of record that the eligibility requirement of § 109(h) has been met, an affidavit or other form of document could constitute a § 521(b) "certificate" even if not on the form that the United States Trustee requires. Uniformity of filed certificates would certainly aid the United States Trustee, court personnel and creditors in evaluating whether the debtor is eligible under § 109(h). But helpful bureaucratic uniformity does not automatically equate to statutory requirement; if that were an overriding statutory or procedural value, either Congress or the Judicial Conference would have prescribed the form or content of the required certificate in more detail.

Based on language of the statute, the court finds the following as the minimum information that must be contained in a certificate issued by an authorized service provider to be filed under § 521(b): the name of the provider; the debtor's name; a statement that a briefing under § 109(h) was provided to the named debtor; the date the service was provided; whether a debt repayment plan was prepared; a description of the medium through which the service was provided; whether the briefing was group or individual; and the signature of an agent of the service provider. As the United States Trustee apparently does as well, the court finds that the statutory requirement of a certificate "describing the services provided" is met by identifying the medium in which the service was rendered and whether it was a group or individual briefing. The specific title of the document, a sentence advising debtors of the § 109(h) and § 521(b) requirements and a certificate number are helpful and even desirable aspects of the United States Trustee's form that nevertheless appear to the court to exceed the limited statutory requirements for a § 521(b) certificate.

The only document in the record that could constitute the § 521(b) certificate for Mr. Lewis is the Erickson affidavit. The Emma Lewis affidavit, from which the court found that Mr. Lewis meets the § 109(h) eligibility requirement, is not "from the approved nonprofit and credit counseling agency" as specified by § 521(b). The certificate of Mr. Lewis's March 1, 2006, session ultimately does not evidence services provided under § 109(h) because of the untimeliness of the briefing. The court finds, however, that the Erickson affidavit also fails the minimum standards for a certificate as articulated by the court. The form and caption of the document as an affidavit lacking the title certificate and a serial document number do not trouble the court. The real shortcoming is that the parts of the affidavit the court has deemed

those cases.

admissible do not state that Mr. Lewis actually participated in a § 109(h) briefing on August 3, 2006. If this were the only document in the record and the Emma Lewis affidavit had not been filed, the court could not find from the record that Mr. Lewis had participated in a briefing qualifying under § 109(h), which is the essential purpose of § 521(b). The court concludes that Mr. Lewis has not complied with the separate statutory requirement of § 521(b), timely under Interim Rule 1007 or otherwise.

### III. Consequence of Non-Compliance with § 521(b)

The United States Trustee wants Mr. Lewis's case dismissed, although its focus is more on Mr. Lewis's perceived lack of eligibility under § 109(h) than on the § 521(b) filing requirement. There are many cases addressing the consequences of a debtor's failure to comply with § 109(h). There is now a split of authority over whether courts have discretion to ignore a debtor's failure to participate in a briefing meeting the requirements of § 109(h)(1) or otherwise to meet the limited exemptions for exigent circumstances or incapacity, disability or active military duty in a combat zone. While the the majority of cases hold that bankruptcy courts lack discretion to excuse compliance with § 109(h), *e.g. In re Jones*, 352 B.R. 813 (Bankr. S.D. Tex. 2006), some courts have held more recently that compliance with this provision may sometimes be excused, *e.g. In re Hess,* 347 B.R. 489 (Bankr. D. Vt. 2006). There is also a split among courts over whether the appropriate remedy for noncompliance with § 109(h) is dismissal of the case, *e.g. In re Seaman*, 340 B.R. 698 (Bankr. E.D.N.Y. 2006), or striking the petition, *e.g. In re Elmendorf*, 345 B.R. 486 (Bankr. S.D. N.Y. 2006). *See Jones,* 352 B.R. at 821-24 (comprehensively analyzing the conflicting case law). In contrast to the extensive judicial ink addressing noncompliance with § 109(h), there do not seem to be any cases addressing what should happen when the debtor has failed to comply only with the related but separate filing requirement of § 521(b) as the court finds has occurred here. In the court's view, the failure to comply with § 521(b) alone is substantively less problematical than the failure to comply with § 109(h). The language of § 109(h) expressly addresses debtor eligibility, which some courts have interpreted as jurisdictional, and the language of § 521(b) does not.

Congress did not specify in either § 109(h) or § 521(b) what the court should do if the debtor does not comply with them. The court finds the absence of Congressional direction especially significant as to noncompliance with § 521(b), because other parts of § 521 identify remedies, including in some instances dismissal, for a debtor's failure to complete certain of the listed duties. *See* § 521(a)(6), (d), (e)(2)(B), (i)(1), (j). Section 521(a), which Congress references in § 521(b), requires debtors to file basic case processing documents such as a list of creditors, schedules, a statement of financial affairs, a statement of monthly net income and payment advices. In § 521(j)(1), Congress provides that the failure to file these documents

6

within 45 days after the petition date results in something called automatic dismissal, to be confirmed by order upon request of a party in interest. Section 521(e)(2)(B) and (C) specifies dismissal as the remedy for a debtor's failure to provide timely certain tax returns to the case trustee. The absence of Congressional direction of the remedy for a debtor's failure to comply with § 521(b) while it specifically directs what should happen for noncompliance with other parts of § 521 tells the court that the appropriate remedy has been left to the discretion of the court in each case.

The United States Trustee's motion relies only on § 109(h) and § 521(b) as authority for dismissal of Mr. Lewis's case despite their lack of statutory direction of a remedy. Instead the operative statutory authority is the general chapter 7 dismissal provision in § 707(a). S*ee In re LaPorta*, 332 B.R. 879, 883 (Bankr. D. Minn. 2005); *Hess,* 347 B.R. at 496. Section 707(a) provides as follows:

> (a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including--
> (1) unreasonable delay by the debtor that is prejudicial to creditors;
> (2) nonpayment of any fees or charges required under chapter 123 of title 28; and
> (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.

The burden of proving cause under § 707(a) is on the moving party, *In re Simmons*, 200 F.3d 738, 743 (11th Cir. 2000); *In re Cohara*, 324 B.R. 24, 27 (B.A.P. 6th Cir. 2005), by a preponderance of the evidence, *In re Horan*, 304 B.R. 42, 46-47 (Bankr. D. Conn. 2004).

None of the three enumerated causes for dismissal under § 707(a) apply in this case. There is no showing that Mr. Lewis's failure to file a § 521(b) certificate amounts to unreasonable delay prejudicial to creditors, and all required fees have been paid. The third enumerated cause for dismissal references a part of § 521 that no longer exists under BAPCPA and should have been, but was not, changed by Congress. The BAPCPA provision that most closely approximates pre-BAPCPA § 521(1) is § 521(a)(1), not § 521(b), which imposes a new filing obligation that did not exist pre-BAPCPA. The filings previously required by former § 521(1) are now part of BAPCPA § 521(a)(1). Although many debtors failed to file timely (or at all) the documents required under pre-BAPCPA § 521(1), the court cannot recall seeing a motion to dismiss filed by the United States Trustee on these grounds. The court cannot infer from the words or structure of § 707(a) and § 521 under BAPCPA that Congress meant to include § 521(b) in § 707(a)(3).

The word "including" is not meant to be a limiting word in § 707(a) and the factors listed by Congress are not exclusive grounds for dismissing a chapter 7 case. *See In re Zick*, 931 F.2d 1124, 1126-27

7

(6th Cir. 1991)(holding that lack of good faith was "cause" under pre-BAPCPA § 707(a));[4] *see* 11 U.S.C. § 102(3). The bankruptcy court has substantial discretion in evaluating whether other circumstances besides those listed are cause for dismissal under § 707(a). *See In re Atlas Supply Corp.*, 857 F.2d 1061, 1063 (5th Cir. 1988). In *Atlas Supply*, which the Sixth Circuit followed in *Zick*, the Fifth Circuit Court of Appeals applied equitable principles in evaluating the bankruptcy court's exercise of discretion under § 707(a), and weighed the benefits and prejudices of a dismissal. *Id.* The court can see no reason why this guidance is not equally valid under BAPCPA in determining whether cause for dismissal exists in a particular chapter 7 case. *See Hess,* 347 B.R. at 496.

No prejudice to any creditor or party in interest has been shown by Mr. Lewis's failure to file a certificate from Consumer Credit Counseling Service of Greater Atlanta, Inc., evidencing his participation in the August 2006 briefing. Certainly the United States Trustee would not have filed this motion had a certificate been filed, but that undeniable inconvenience does not amount to legal prejudice to any of its rights or interests.

On the other hand, the prejudice to Mr. Lewis in dismissing this case would be great. He is 74 years old and hard of hearing. If this case is dismissed, he will have to re-file to obtain chapter 7 relief. That would require payment of another $299 filing fee by a below median income retiree on a fixed income [Doc. #1: Schedule I, Statement of Affairs, Question 2] and appearance at another first meeting of creditors in Toledo by both Mr. Lewis and his wife (who is employed). He would have to bear the expense of, and participate in, his third credit counseling and briefing session in a year's time. The chapter 7 panel trustee has conducted the first meeting of creditors and indicated that this is a no asset case. [Doc. #30]. The deadline for objecting to discharge or dischargeability has passed without objection and Mr. Lewis is entitled to a discharge.

Dismissal and re-filing will also disadvantage some creditors who have already filed motions for relief from stay. [Doc. ##19, 37]. These creditors will again be subject to the automatic stay for at least some period of time if Mr. Lewis re-files a chapter 7 case. *See* 11 U.S.C. § 362(c)(3). Creditors filing another motion for relief from stay in a re-filed case will incur another $150 filing fee and further delay.

---

[4]Given the new structure of § 707(b), and especially 11 U.S.C. § 707(b)(3), *Zick's* narrower holding that good faith is cause for dismissal under § 707(a) seems subject to question under BAPCPA. C*f. Marrama v. Citizens Bank of Mass.*, 549 U.S. –, 2007 WL 517340, *4 (2007) (noting that the nonexclusive list of causes justifying dismissal under pre-BAPCPA § 1307(c) does not mention bad faith but recognizing that dismissal for bad-faith is implicitly authorized by the words "for cause" in that section). The court does not need to address that issue in this case. Regardless of whether lack of good faith is still cause under § 707(a), *Zick's* more general proposition that the three causes listed in § 707(a) are not exclusive bases for dismissal is still valid under BAPCPA.

The record does not show why Consumer Credit Counseling Service of Greater Atlanta, Inc., would not later issue a certificate for the August 2006, briefing session in which Mr. Lewis participated, but Mr. Lewis took reasonable steps to comply with the statutory requirement. The lack of a certificate for Mr. Lewis for the August 2006, briefing is explained by the fact that he already had a valid one at that time for the March 1, 2006, briefing and did not then need another one. There is no showing that Mr. Lewis has acted in bad faith, dishonestly or abused the system or his creditors in not filing a certificate of completion that he understandably did not ask for contemporaneously with the briefing and thus did not have.

The important evidentiary purpose served by the § 521(b) certificate in relation to the eligibility requirement of § 109(h) has been otherwise established as a matter of record in this case. There is no identifiable purpose or benefit that would be served by dismissing Mr. Lewis's chapter 7 case for failure to file the § 521(b) certificate compared to the significant detriment to Mr. Lewis and even creditors if it is. The court agrees that a debtor's failure to file a § 521(b) certificate may under some circumstances constitute cause for dismissal under § 707(a). The balance of equities demonstrate that this is not such a case.

**IT IS THEREFORE ORDERED** that the Office of the United States Trustee's Motion to Dismiss Case of Woodrow E. Lewis [Doc. # 16] be, and hereby is, **DENIED.**